IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DENNIS E. PARKSTONE, III** | : | |
| | : | |
| Plaintiff | : | |
| | : | C.A. No. 07-465-SLR |
| v. | : | |
| | : | |
| **CHRISTOPHER A. COONS,** | : | |
| individually and in his official capacity; | : | |
| **RICHARD PRZYWARA,** individually | : | **JURY TRIAL DEMANDED** |
| and in his official capacity; and | : | |
| **NEW CASTLE COUNTY**, a municipal | : | |
| corporation, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS', NEW CASTLE COUNTY,
CHRISTOPHER A. COONS, individually and in his official capacity and
RICHARD PRZYWARA, individually and in his official capacity
REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Respectfully submitted,

 /s/ *Michele D. Allen*
Richard R. Wier, Jr. ( #716)
Michele D. Allen (#4359)
Two Mill Road, Suite 200
Wilmington, DE 19806
Rwier@wierlaw.com
302.888.3222
Attorneys for Defendants

Dated: October 22, 2007

# **TABLE OF CONTENTS**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     A.   Plaintiff's Complaint Must Be Dismissed For Failing To State A Claim Upon Which Relief Can Be Granted Because Plaintiff Waived All His Rights To File Any Legal Action When He Entered Into The Memorandum Of Understanding With New Castle County . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     B.   The Memorandum of Understanding Is Enforceable Against Plaintiff and Defendants Did Not Breach Any Portion Of The Agreement Prior To Plaintiff's Breach . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     C.   The Memorandum of Understanding Was Not Executed Under Duress and Therefore Is Not Void . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     D.   Defendants Were Under No Pre-Existing Duty To Continue Plaintiff's Employment After He Violated County Polices and Procedures Or After He Violated The Memorandum Of Understanding.. . . . . . . . . . . . . . . . . . . . . . . . 9

     E.   The Memorandum of Understanding Was Not Executed To Perpetuate An Illegal Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

     F.   The Memorandum Of Understanding Is Not Void As Unconscionable.. . . . . . . . . 10

     G.   Plaintiff's Claim for Invasion of Privacy Against Defendants New Castle County, Coons and Przywara must Be Dismissed as this Claim Is Barred By the County and Municipal Tort Claims Act ("The Act"), 10 *Del.C.* §4010-4013.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF CITATIONS

## Cases

*Batiste v. New Castle County,* 2004 De. Super. LEXIS 348 ............................. 11

*Cirillo v. Arco Chem. Co.,* 862 F.2d 448 (3d Cir. 1988) ............................. 5

*Dale v. Town of Elsmere,* 702 A.2d 1219 (Del. Super. Ct. 1997) ........................ 11

*Hendrickson, In Re* 1993 WL 589902* ................................................. 4

*McCall v. U.S. Postal Service,* 839 F.2d 664 (Fed.Cir 1988) ....................... 3, 5, 9

*Research & Trading Corp. V. Pfuhl,* 1992 WL 345465 (Del. Ch. 1991)................... 11

*Reiver v. Murdoch & Walsh,* 625 F. Supp. 998 (D. Del. 1995)........................... 8

*RHIS Inc. V. Boyce,* 2001 Del. Ch. LEXIS 118........................................ 10

*Town of Newton v. Rumery,* 480 U.S. 386 (1987) ................................ 3, 5, 10

## Statutes

Fed. R. Civ. P. 12 (b)(6) ............................................................ 1

10 *Del.C.* §4010-4013.............................................................. 11

10 *Del.C.* § 4011(a) ............................................................... 11

10 *Del.C.* §§ 4012 and 4011 (c) .................................................... 12

New Castle County Code Section 26.03.907............................................. 8

I.   **INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12 (b)(6), Defendants, New Castle County (hereinafter County) Christopher A. Coons (hereinafter Coons) and Richard Przywara[1] (hereinafter Przywara) (hereinafter collectively as Defendants), submit the following in support of their Motion To Dismiss.

II.   **SUMMARY OF ARGUMENT**

   A.   Plaintiff's Complaint Must Be Dismissed for Failing to State a Claim upon Which Relief Can Be Granted Because Plaintiff Waived All His Rights to File Any Legal Action When He Entered into the Memorandum of Understanding with New Castle County.

   B.   The Memorandum of Understanding Is Enforceable Against Plaintiff and Defendants Did Not Breach Any Portion of the Agreement Prior to Plaintiff's Breach.

   C.   The Memorandum of Understanding Was Not Executed under Duress and Therefore Is Valid.

   D.   Defendants Were under No Pre-existing Duty to Continue Plaintiff's Employment after He Violated County Policies and Procedures or after He Violated the Memorandum of Understanding.

   E.   The Memorandum of Understanding Was Not Executed to Perpetrate an Illegal Act.

   F.   The Memorandum of Understanding Is Not Void as Unconscionable.

   G.   Plaintiff's Claim for Invasion of Privacy Against Defendants Must Be

---

[1] Plaintiff concedes that the claims against Defendants Coons and Przywara in their official capacities should be dismissed

Dismissed as this Claim Is Barred by the County and Municipal Tort Claims Act ("The Act"), 10 *Del.C.* §4010-4013.

### III. ARGUMENT

**A.    Plaintiff's Complaint Must Be Dismissed for Failing to State a Claim Upon Which Relief Can Be Granted Because Plaintiff Waived All His Rights to File Any Legal Action When He Entered Into the Memorandum of Understanding with New Castle County.**

In February 2005, Plaintiff received a joke regarding a donkey, which was in poor taste, and then forwarded it to several New Castle County employees. (Complaint at ¶43, 45). As a result of this e-mail Plaintiff's computer usage was investigated by New Castle County after a female employee, who received the e-mail, filed a sexual harassment complaint. Based upon that investigation, New Castle County made a determination that Plaintiff should be terminated.

On or about May 7, 2005, a meeting was held between the Defendants and the Union, specifically Mike Begatto (Begatto), Executive Director of AFSCME Council 81, in which Begatto on behalf of Plaintiff persuaded Coons and Przywara to impose a thirty (30) day suspension in lieu of termination. (Plaintiff Answering Brief at 10-11). In exchange for continued employment, Plaintiff voluntarily agreed to enter into a legally binding MOU that set forth the requirements for his continued employment, which included a waiver of any grievance or any legal action. At that time the Defendants and Plaintiff entered into a mutually agreeable resolution.

On May 12, 2005 Plaintiff knowingly and voluntarily executed the MOU and agreed to be bound by the conditions set forth in the agreement and was fully aware and understood that a breach of the agreement would result in his termination. Moreover, Plaintiff fully agreed that as part of the MOU and in consideration for continued employment, that he would not file any

grievance or any legal action with respect to his discipline or subsequent termination. The MOU was a contract negotiated between the Defendants and Plaintiff, who faced removal for serious violations of the policies and procedures of New Castle County. The MOU is a clear and unambiguous document which sets forth the intent of the parties with respect to the conditions of Plaintiff's continued employment with New Castle County after May 12, 2005. The interpretation of the MOU is a question of law. *McCall v. U.S. Postal Service,* 839 F.2d 664 (Fed.Cir 1988).

The United States Supreme Court in *Town of Newton v. Rumery,* 480 U.S. 386 (1987), held that there could not be a *per se* rule invalidating release-dismissal agreements because they are not *ipso facto* void against public policy and, therefore, each must be addressed on a case by case basis. *Id.* at 394-397. Plaintiff attempts in his Answering Brief to distinguish *Rumery,* from the current case but his distinction is misplaced. *Rumery* is clearly applicable to this case. Although, Parkstone was not a sophisticated businessman he was President of AFSCME[2] Local 459 ("Local Union") in 1981, 1982, 1984, 1990, 1992, 1994, 1996, 2002, 2004 and was currently serving as President at the time of his termination. (Plaintiff's Answering Brief at 7).

As an active member and President of the union Plaintiff clearly was sophisticated in the manner of employee grievances and meetings involving termination of employees. (*See* Exhibit 1[3], a MOU that was signed by Plaintiff in his capacity as Vice President of the Union). Moreover, Plaintiff was represented by the acting President of AFSCME Local 459 on May 12,

---

[2] American Federation of State, County, and Municipal Employees.

[3] All names other than Plaintiff's have been redacted from the MOU to protect the confidentiality of the personnel record.

2005 when he signed the MOU. As stated, *supra*, Begatto was acting on Plaintiff's behalf when he approached Coons and Przywara and negotiated the suspension in lieu of termination. The fact that the MOU was drafted for Plaintiff does not make the MOU invalid.

Although not specifically stated by Plaintiff, it is evident that both he and Begatto were aware of the MOU on or about May 7, 2005, and, therefore, had time to consider his options prior to it being presented to him for his signature on May 12, 2005. Assuming *arguendo* that Plaintiff had no time other than the meeting to think about the MOU, that does not invalidate the MOU. Moreover, in this case, at a minimum, Plaintiff knew or should have known on or about May 7, 2005 that in lieu of termination he would be given a thirty (30) day suspension and that he would be required to meet certain conditions in consideration of continued employment.

The MOU was not unclear in any way. When the parties entered into the agreement they were entitled to reap the benefits of each of their respective bargains. Plaintiff would continue his employment, with certain conditions and the County in exchange would be entitled to enforce those conditions. If these types of last-chance settlement agreements are not enforceable employers would have no reason to enter into them. *In Re Hendrickson* 1993 WL 589902 *3 (Lab. Arb.), 101 Lab. Arb. (BNA) 919, 101 LA (BNA) 919. At the time Plaintiff entered into this agreement, he struck what he viewed to be the best arrangement possible to preserve his continued employment. Prior to entering into the agreement, Plaintiff was advised and represented by the acting President of AFSCME Local 459 as well as other union members including Mike Begatto ("Begatto"), Executive Director of AFSCME Council 81. Plaintiff now is attempting to claim a privilege which he expressly agreed to forego. Therefore, Plaintiff's claim must be dismissed as waived under the MOU.

Moreover, the waiver of Plaintiff's rights in the MOU was a voluntary act and his conveniently belated claim that he signed the MOU under duress because he feared he would lose his job is without merit. Plaintiff fails to allege any facts other than fear of losing his job that support his claim of duress. (Complaint at ¶60). Plaintiff made a rational decision to enter into the MOU when he weighed his continued employment against waiving his rights to file a grievance or any legal action. "Parties are often forced to make difficult choices which may effectively waive statutory or even constitutional rights." *McCall*, 839 F.2d at 667 *(citing Rumery*, 107 S. Ct. at 1192). Moreover, the existence of financial pressure to sign a waiver is insufficient to establish involuntariness. *Cirillo v. Arco Chem. Co.*, 862 F.2d 448, 452 (3d Cir. 1988). Plaintiff received the benefit of continued employment even though his actions warranted termination. In exchange, he waived his right to file any legal action with respect to the discipline he received or subsequent termination. Therefore, the MOU is valid and precludes Plaintiff's claims.

Plaintiff attempts to submit a totality of the circumstances argument in Plaintiff's Answering Brief (Answering Brief at 15). But a factor by factor review defeats that argument as follows and can only lead to the conclusion that Plaintiff entered into the MOU knowingly and voluntarily.

Factor (1): The MOU was clear and specifically stated that Plaintiff was waiving his right to file a grievance and any legal actions. The fact that the MOU did not specifically reference waiver of constitutional rights was not necessary as the waiver clearly stated that it was a waiver of any and all rights and not just specifically constitutional rights.

Factor (2): Plaintiff relies on the fact that he has little business experience and that he

worked for almost thirty-five years in a maintenance capacity. (Plaintiff's Answering Brief at 16). However, Plaintiff blatantly fails to mention his vast experience with employee disputes, grievances and discipline as an active member of AFSCME Local 459 and President of that Union for numerous years. That experience should be given great weight in determining Plaintiff's knowledge, sophistication, and experience in relation to the agreement.

Factor (3): As stated *supra*, Plaintiff was either aware of, or reasonably should have been aware of, the contents of the MOU prior to the date it was executed. However, even if he was not aware of the MOU prior to May 12, 2005, Plaintiff had ample opportunity to consider the release that day. Additionally, there is nothing in the record that suggests that Plaintiff requested or was denied any additional time to review the MOU.

Factor (4): Plaintiff was aware of his rights at the time he entered into the MOU as it specified the rights that he was giving up, which included the right to file a grievance and the right to file any legal action. Moreover, as stated *supra*, Plaintiff was aware of the process and the rights that employees, union members specifically, were entitled too.

Factor (5): Although, Plaintiff was not represented by counsel at the time in which he signed the MOU, it is unknown if he sought the advice of counsel prior to the meeting. In response to this factor, Plaintiff states that he was not encouraged to seek outside counsel before executing the release. He does not deny that he independently sought the advice of counsel. Although not represented by counsel, Plaintiff was represented by the acting President of AFSCME Local 459 and Michael Begatto who was the Executive Director of AFSCME Council 81. Union representation was critical to Plaintiff, as it is for other union employees who often rely on the advice and representation of union officials and should be given the same weight, in

this context, as representation by counsel.

Factor (6): Plaintiff claims that the terms of the release were not negotiable because the release was drafted prior to the meeting and he was required to sign what was prepared. Plaintiff, however, is mistaken, as there are undisputed facts that support a negotiation on behalf of Plaintiff. As stated in Plaintiff's Complaint and his Answering Brief, Defendants had every intention of proceeding forward with the termination of Plaintiff on May 7, 2005 until Mike Begatto the Executive Director of AFSCME Council 81 intervened on Plaintiff's behalf and persuaded Defendants to issue a twenty-five (25) or thirty (30) suspension. It was that very intervention and negotiation that gave rise to the MOU.

Factor (7): In consideration for Plaintiff not being terminated he agreed to accept a thirty (30) day suspension and signed the MOU, which, among other things, waived his right to file a grievance and any legal action. Contrary to what Plaintiff argues, there was no pre-existing condition that Plaintiff was entitled to keep his job after his violation of the County's policies and procedures.

### B. The Memorandum of Understanding is Enforceable Against Plaintiff and Defendants Did Not Breach Any Portion of the Agreement Prior to Plaintiff's Breach.

Plaintiff, in a failed attempt to condone his breach of the MOU, states that the Defendants first breached the MOU and, therefore, he was no longer bound by the MOU. (Plaintiff's Answering Brief at 17). Plaintiff relies on an alleged statement that is not part of the MOU and therefore it is not a material part of the contract and cannot be breached. Defendants unequivocally performed and honored their obligations under the MOU when they suspended Plaintiff for thirty (30) days instead of terminating him. Plaintiff argues that he believes that not

every employee was treated equally and therefore Defendants breached the MOU. *Id.* However, there is no reference to discipline of other employees in the MOU and therefore it can not be considered a material part of the MOU.

### C. The Memorandum of Understanding Was Not Executed Under Duress and Therefore Is Valid.

As stated, *supra*, in Plaintiff's Complaint he only claims that he was under duress and fails to specify what the duress was other than the fear that he would lose his job. Plaintiff's reliance on *Reiver v. Murdoch & Walsh*, 625 F. Supp. 998 (D. Del.) (1985) is misplaced as that case specifically referred to an at-will employee who was threatened with termination unless she entered into a release of already accrued benefits. In this case, Plaintiff was not an at-will employee. In fact, Plaintiff was in a position with the County which is afforded the greatest protection: he was a merited union employee. Plaintiff incorrectly states that Plaintiff had no reasonable alternative other than to sign the release. In fact, Plaintiff had a greater opportunity than most to forego signing the MOU because of the protections he was afforded both under the New Castle County Merit Code and the Collective Bargaining Agreement between New Castle County and Local 459.

As an alternative to signing the MOU, Plaintiff had several options. In accordance with New Castle County Code Section 26.03.907 in order to terminate a merited/permanent employee, which Plaintiff was, there must be a pre-termination hearing with a final determination from the Chief Human Resources Officer. Additionally, if Plaintiff was dissatisfied with the outcome of the pre-termination hearing, then under the agreement between New Castle County and Local 459 he would have been able to file a grievance which would have concluded with final and binding arbitration. "Parties are often forced to make difficult

choices which may effectively waive statutory or even constitutional rights." *McCall, 839 F.2d 664*. Therefore, it is abundantly clear that although Plaintiff had a difficult decision to make when faced with signing the MOU, he had reasonable alternatives. In fact, he had more alternatives than an at-will employee in a similar situation would have enjoyed.

> **D.  Defendants Were under No Pre-Existing Duty to Continue Plaintiff's Employment After He Violated County Polices and Procedures or After He Violated the Memorandum of Understanding.**

Plaintiff's argument and logic for this argument is difficult to follow. Defendants that under Delaware contract law there is a pre-existing duty rule which renders a contract unenforceable if one of the parties has to provide a duty which it is already obligated to perform. However, Plaintiff's analogy to this case is incorrect. Plaintiff attempts to argue that, but for the alleged retaliatory action of Defendants, he would have been able to continue his employment. The alleged retaliatory actions or lack thereof towards Plaintiff is not at issue at this time. The sole issue presented in Defendants' Motion to Dismiss is that Plaintiff has failed to state a claim for which relief can be granted because he waived the right to file any legal action. Moreover, once Defendants determined that Plaintiff's actions were cause for termination, they were no longer under an obligation to continue his employment unless and until Plaintiff was successful at a pre-termination hearing or through the grievance procedure. Once Plaintiff choose to enter into the MOU, the only obligations that Defendants were bound by were outlined in the MOU. Therefore, Plaintiff's argument is without merit and the MOU should be upheld.

> **E.  The Memorandum of Understanding Was Not Executed To**

ix

**Perpetrate An Illegal Act.**

In an unsuccessful attempt Plaintiff states that the enforceable contract which he entered into is now void because it is allegedly contrary to public policy. It appears that in support of this argument Plaintiff claims that because he waived his right to file a lawsuit that in and of itself is against public policy, which is simply incorrect.

As stated, *supra,* and undisputed by Plaintiff, there is no *per se* rule which prevents a person from waiving their rights through a release-dismissal agreement because they are not *ipso facto* void against public policy. *Town of Newton v. Rumery,* 480 U.S. 386, 394-397 (1987). Plaintiff cites no facts in support of his argument that the agreement he entered into was void against public policy. Plaintiff attempts to rely on unsupported statements that he was coerced and forced into signing the agreement, but cites to no evidence of coercion or force. As stated, *supra,* simply because Plaintiff placed himself in a situation in which he had to choose between being terminated for violating County polices and procedures or continuing his employment by waiving his rights to file a grievance and any legal action he was not therefore improperly or illegally coerced. Plaintiff at all times had a choice to make and did so knowingly and voluntarily. The fact that Plaintiff now regrets his decision does not invalidate the agreement which he executed.

F.    **The Memorandum Of Understanding Is Not Void As Unconscionable.**

Plaintiff relies on *RHIS Inc. v. Boyce,* 2001 Del. Ch. LEXIS 118, to support his argument that the contract he entered into with Defendants was unconscionable. (Plaintiff's Answering Brief at 20). However *RHIS,* is inapplicable as the Court in that

case addressed the validity of post-employment restrictions through covenants not to compete. The other case cited by Plaintiff relies on is *Research & Trading Corp. v. Pfuhl,* 1992 WL 345465, *15 (Del. Ch. 1991), which is equally inapplicable as it dealt with the shifting of legal fees. Notwithstanding the inapplicability of these two cases, even this Court under close scrutiny must uphold the validity of the MOU entered into between Plaintiff and Defendant. In an effort to support Plaintiff's argument that he was at a disadvantaged bargaining power when he entered into the MOU, he again inaccurately relies on the assumption that he was in a take-it-or-leave-it position. As argued, *supra*, Plaintiff had increased bargaining power due to the fact that he was not simply an at-will employee but was afforded all the benefits and protections of a merit/permanent union employee. Plaintiff of his own free will, knowingly and voluntarily chose guaranteed continued employment in exchange for certain conditions, including waiving his rights to file any grievance and or any legal action. Plaintiff had every opportunity to avail himself of the protections of a merit/permanent union employee but choose not to seek that alternative. Therefore, Plaintiff has failed to identify any facts which would support his claim that the MOU was unconscionable.

    **G.  Plaintiff's Claim For Invasion Of Privacy Against Defendants Must Be Dismissed As This Claim Is Barred By The County and Municipal Tort Claims Act ("The Act"), 10 *Del.C.* §4010-4013.**

Plaintiff's state law claim for invasion of privacy must be dismissed because it is barred by the County and Municipal Tort Claims Act ("The Act"), 10 *Del.C.* § 4010-4013. The Act protects "all governmental entities and their employees from suit on any and all tort claims seeking recovery of damages." 10 *Del.C.* § 4011(a). The County is a "governmental entity" to

which the Act applies pursuant to Section 4010, which defines a "governmental entity" as "any municipality, town, county, administrative entity or instrumentality created pursuant to ... Title 9...." In addition, Coons and Przywara are "governmental employees"[4] to which the Act applies. This broad grant of immunity is subject only to the narrowly tailored exceptions set forth in 10 *Del.C.* §§ 4012 and 4011©). Plaintiff's claim for invasion of privacy against the Defendants does not fall within any of the exceptions to governmental immunity and therefore must be dismissed.

Moreover, under the County and Municipal Tort Claims Act ("The Act"), 10 *Del.C.* § 4011 a governmental employee may be personally liable, for "acts or omissions causing property damage, bodily injury or death in instances in which the governmental entity is immune ... but only for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent." 10 Del C. § 4011(c)). Even though Plaintiff has alleged the actions taken by Defendants were willful, wanton, or malicious, Plaintiff has failed to allege that those actions caused him any property damage, bodily injury or death. *See Batiste v. New Castle County,* 2004 De. Super. LEXIS 348 *5-6. (Plaintiff alleged that a police officer falsely charged him with harassment and the Court found the officer was immune because it was not alleged that the officer's actions caused property damage, bodily injury or death.) "Economic harm alone does not constitute property damage as that term is used in the

---

[4] **Section 4010(1) of Title 10** defines a "governmental employee" as "a person acting on behalf of a governmental entity in any official capacity, whether temporarily or permanently, and whether with or without compensation from local, state, or federal funds, including elected or appointed officials, volunteer firefighters and rescue squad members where the rescue squad receives full or partial financial support from political subdivisions or from the State, but the term "employee" shall not mean a person or other legal entity acting in the capacity of an independent contractor under contract to the governmental entity."

Act." *Id.* at *5, *citing Dale v. Town of Elsmere,* 702 A.2d 1219, 1223 (Del. Super. Ct. 1997). Therefore, Defendants in their individual capacities are immune from suit under the County and Municipal Tort Claims Act because Plaintiff has failed to plead that Defendants' alleged actions caused him any property damage, bodily injury or death.

## V. CONCLUSION

For the aforementioned reasons, the Defendants respectfully request that Plaintiff's Complaint be dismissed for failing to state a claim upon which relief can be granted.

Respectfully submitted,

/s/*Michele D. Allen*
Richard R. Wier, Jr. ( #716)
Michele D. Allen (#4359)
Two Mill Road, Suite 200
Wilmington, DE 19806
Rwier@wierlaw.com
302.888.3222
Attorneys for Defendant

Dated: October 22, 2007

# EXHIBIT 1

## MEMORANDUM OF UNDERSTANDING

October 24, 2002

The parties to this agreement, ▓▓▓▓▓▓▓ AFSCME Council 81, Local 459 and New Castle County Government hereby voluntarily agree to and acknowledge the following:

1. That on October 24, 2002 at 3:00 p.m. there was a physical fight between ▓▓▓▓ and ▓▓▓▓▓▓ witnessed by ▓▓▓▓.

2. That ▓▓▓▓▓▓ has been disciplined twice in the past for similar conduct either toward a fellow employee or a supervisor.

3. That ▓▓▓▓▓▓ Local 459 and New Castle County acknowledge that workplace violence cannot be tolerated and will be dealt with swiftly to assure a harmonious workplace.

4. That ▓▓▓▓▓▓ agrees to work harmoniously with **all** employees and supervisors and managers in a positive way and will not use harassing, threatening, intimidating or coercive language at any time.

5. That ▓▓▓▓▓▓ will be referred for a psychological evaluation ▓▓▓▓ agrees to follow up on any recommendations resulting from the evaluation.

6. That any future incidents of this nature or violations of this agreement will result in ▓▓▓▓▓▓ dismissal from New Castle County employment and will be non-grievable.

7. This agreement will be reviewed after one (1) year from the date of incident. If no incidents occur and ▓▓▓▓▓▓ regains his stature as a satisfactory employee, this agreement may be rescinded by order of the General Manager of Special Services.

Dennis Parkstone, Vice President, Local #459

For New Castle County        Date

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DENNIS E. PARKSTONE, III** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | C.A. No. 07-465-SLR |
| v. | : | |
| | : | |
| **CHRISTOPHER A. COONS,** | : | |
| **individually and in his official capacity;** | : | |
| **RICHARD PRZYWARA, individually** | : | **JURY TRIAL DEMANDED** |
| **and in his official capacity; and** | : | |
| **NEW CASTLE COUNTY, a municipal** | : | |
| **corporation,** | : | |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of October, 2007 have caused a true and correct copy of the attached **DEFENDANTS', NEW CASTLE COUNTY, CHRISTOPHER A. COONS, individually and in his official capacity and RICHARD PRZYWARA, individually and in his official capacity REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS** to be ELECTRONICALLY FILED, and copied to:

Timothy James Wilson, Esquire
Martin & Wilson, P.A.
1508 Pennsylvania Avenue
Wilmington, DE 19806

                                               */s/ Michele D. Allen.*
                                               Richard R. Wier, Jr. ( #716)
                                               Michele D. Allen (#4359)
                                               Two Mill Road, Suite 200
                                               Wilmington, DE 19806
                                               Rwier@wierlaw.com
                                               302.888.3222
                                               Attorney for Defendant

Dated :October 22, 2007