IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DENNIS E. PARKSTONE, III,** : | |
| : | |
| **Plaintiff,** : | |
| : | C.A. No. 07-465-SLR |
| v. : | |
| : | |
| **CHRISTOPHER A. COONS,** : | |
| individually and in his official capacity; : | |
| **RICHARD PRZYWARA,** individually : | **JURY TRIAL DEMANDED** |
| and in his official capacity; and : | |
| **NEW CASTLE COUNTY,** a municipal : | |
| corporation, : | |
| : | |
| **Defendants.** : | |

## ORDER

This _____ day of _____, 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have/will exchange by **March 9, 2008**, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

   (a) Discovery will be needed on the following subjects: Computer use by New Castle County employees; email correspondence, replies and forwards of email correspondence by New Castle County government ("NCC") employees; disciplinary actions taken against NCC employees; investigations by NCC into computer use by their employees; NCC's policies on computer use and their enforcement of those policies; NCC's rights to monitor the union's computers; interaction and communications between

Coons Przywara, Merit and other's at NCC with respect to Plaintiff; the facts and circumstances surrounding the disciplinary meeting on or about May 12, 2005; Coons' and his administration's view of NCC employees as politically supportive or politically unsupportive of the Coons Administration; Coons and his administration's view of NCC employees who were politically supportive of Tom Gordon and Sherry Freebery; communications between Coons and John Carney and or Tom Baliccio pertaining to Coons speaking, or not speaking, at AFSCME Local 459 union meeting during Coons' campaign for County Executive; communications between Coons and other unknown individuals regarding Coons speaking, or not speaking, at AFSCME Local 459 union meeting during Coons' campaign for County Executive; Plaintiff's political affiliation; Plaintiff's personnel file and employment history, including discipline record; Plaintiff's computer usage; Plaintiff's non privileged communications with others regarding the instant litigation; Plaintiff's position within AFSCME Local 459 union; communications between other AFSCME Local 459 union members Union; Plaintiff's current employment status; and; other issues that may arise during the discovery process.

    (b)    All discovery shall be commenced in time to be completed by **September 15, 2008**.

    (c)    Maximum of 50 interrogatories by each party to any other party.

    (d)    Maximum of 50 requests for admission by each party to any other party.

    (e)    Maximum of **7** depositions by Plaintiff and **7** by Defendant.

    (f)    Each deposition, limited to a maximum of **7 hours** unless extended by agreement of parties.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by **July 30, 2008**. Rebuttal expert reports due by **August 30, 2008**.

(h) **Discovery Disputes.** Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to two (2) Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motion to join other parties, amend the pleadings, and certify a class action shall be filed on or before **April 15, 2008**.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **November 15, 2008**. Thirty (30) days thereafter, an answering brief shall be filed and a reply brief within (15) days after the answering brief is filed. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to changers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7. **Motions in Limine.** All motions in limine shall be filed on or before **February 10, 2009.** All responses to said motions shall be filed on or before **February 17, 2009.**

8. **Pretrial Conference.** A pretrial conference will be held on _____ _____, **2009** at _____in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9. **Trial.** This matter is scheduled for a **four-day** jury trial commencing on _____ _____, **2009** in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Judge Sue L. Robinson