IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DENNIS E. PARKSTONE, III** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | C.A. No. 07-465-SLR |
| v. | : | |
| | : | |
| **CHRISTOPHER A. COONS,** | : | |
| individually and in his official capacity; | : | |
| **RICHARD PRZYWARA,** individually | : | **JURY TRIAL DEMANDED** |
| and in his official capacity; and | : | |
| **NEW CASTLE COUNTY,** a municipal | : | |
| corporation, | : | |
| | : | |
| **Defendants.** | : | |

## ANSWER

Defendants, Christopher A. Coons, [Coons] And Richard Przywara, [Przywara] collectively hereinafter as Defendants, answers the Complaint as follows. To the extent that allegations in a paragraph are not deemed answered, they are denied.

1. Admitted. Plaintiff was employed by New Castle County Special Services Department from February 16, 1970 until his termination. Answering Defendants are without sufficient knowledge or information as to admit or deny whether or not Plaintiff resides at 300 Brookstone Drive, Wilmington, Delaware 19804. It is denied that Plaintiff was a diligent, honest and loyal employee who always performed his job in an exemplary manner.

2. Admitted that Christopher A. Coons has been County Executive of New Castle County since January 2005. The Complaint speaks for itself as to the actions in which Coons is being sued. Admitted that Coons may be served through New Castle County Government Center, 87 Reads Way, New Castle, Delaware 19720.

3. Denied. Rich Przywara was the General Manager of Special Services for New

Castle County at all times material hereto.  The Complaint speaks for itself as to the capacity and actions for which Przywara is being sued.  Denied that Przywara is subject to service through New Castle County Government Center, 87 Reads Way, New Castle, Delaware 19720.

    4.    Admitted.

    5.    This allegation seeks a Legal Conclusion to which no response is required.  To the extent a response is required it is denied.

    6.    This allegation seeks a Legal Conclusion to which no response is required.  To the extent a response is required it is denied.

    7.    Admitted, upon information and belief.

    8.    Admitted, upon information and belief.

    9.    Admitted, upon information and belief.

    10.    Admitted, upon information and belief.

    11.    Admitted, upon information and belief.

    12.    Admitted, upon information and belief.

    13.    Answering Defendants are without sufficient knowledge or information as to admit or deny.  To the extent a response is required it is denied.

    14.    Answering Defendants are without sufficient knowledge or information as to admit or deny.  To the extent a response is required it is denied.

    15.    Answering Defendants are without sufficient knowledge or information as to admit or deny.  To the extent a response is required it is denied.

    16.    Answering Defendants are without sufficient knowledge or information as to admit or deny.  To the extent a response is required it is denied.

    17.    Admitted.

18. Answering Defendants are without sufficient knowledge or information as to admit or deny. To the extent a response is required it is denied.

19. Answering Defendants are without sufficient knowledge or information as to admit or deny. To the extent a response is required it is denied.

20. Admitted.

21. Admitted only that Sherry Freebery ran for County Executive in 2004.

22. Answering Defendants are without sufficient knowledge or information as to admit or deny. To the extent a response is required it is denied.

23. Denied as stated.

24. Denied.

25. Admitted upon information and belief.

26. Answering Defendants are without sufficient knowledge or information as to admit or deny. To the extent a response is required it is denied.

27. Admitted.

28. Denied.

29. Denied.

30. Answering Defendants are without sufficient knowledge or information as to admit or deny. To the extent a response is required it is denied.

31. Answering Defendants are without sufficient knowledge or information as to admit or deny. To the extent a response is required it is denied.

32. Answering Defendants are without sufficient knowledge or information as to admit or deny. To the extent a response is required it is denied.

33. Answering Defendants are without sufficient knowledge or information as to

admit or deny. To the extent a response is required it is denied.

34. Answering Defendants are without sufficient knowledge or information as to admit or deny. To the extent a response is required it is denied.

35. Denied.

36. Denied.

37. Admitted that during the Gordon/Freebery and Coons Administrations Joe Freebery served as General Manager Special Services. Admitted that Joe Freebery is the brother of Sherry Freebery.

38. Denied.

39. Answering Defendants are without sufficient knowledge or information as to admit or deny. To the extent a response is required it is denied.

40. Denied.

41. Admitted that Plaintiff received inappropriate jokes and other inappropriate material via email and forwarded said inappropriate material to other New Castle County employees. Denied that Plaintiff has never been disciplined for forwarding similar material at any time during his employment for New Castle County.

42. Objection, the allegation is overly broad and does not adequately define jokes, therefore, Defendant is unable to form a response. To the extent a response is required, it is denied.

43. It is admitted that Plaintiff received a sexually explicit video which contained a donkey with an erection chasing a man with his pants down from another New Castle County employee.

44. Objection, the allegation is overly broad and does not adequately define "political

supporter" or "work", therefore, Defendants are unable to form a response due to insufficient information.

45. Admitted that Plaintiff forwarded the sexually explicit donkey video to Ronnie Meadowcroft, Chris Natrin, and several other New Castle County employees. Denied that the joke was only fairly innocuous.

46. Answering Defendants are without sufficient knowledge or information as to admit or deny. To the extent a response is required it is denied.

47. Answering Defendants are without sufficient knowledge or information as to admit or deny. To the extent a response is required it is denied.

48. Objection to the term "seized." It is admitted that the computer which Plaintiff used was taken for investigation purposes.

49. Admitted that New Castle County investigated Plaintiff's computer use due to information and belief that it contained sexually explicit contents which were being forwarded to other county employees. Denied that the investigation began with Plaintiff.

50. Denied.

51. Denied.

52. Answering Defendants without sufficient knowledge or information as to admit or deny. To the extent a response is required it is denied.

53. Admitted that on May 2, 2005 Plaintiff was interviewed and the interview was recorded. Denied that the interview was three hours.

54. Denied.

55. The allegation in this paragraph does not require a response as the collective

bargaining agreement between the Local Union and New Castle County speaks for itself. To the extent a response if required it is denied.

56. Admitted only that Mr. Begatto spoke with Mr. Coons and Mr. Przywara regarding the possible termination of Plaintiff and that Mr. Begatto requested a form of discipline other than termination. The remaining allegation is denied.

57. Denied as stated.

58. Admitted.

59. Denied.

60. Denied.

61. Denied.

62. Objected to as the collective bargaining agreement speaks for itself, therefore no response is required.

63. Answering Defendants are without sufficient knowledge or information as to admit or deny, to the extent a response is required it is denied.

64. Answering Defendants are without sufficient knowledge or information as to admit or deny, to the extent a response is required it is denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Admitted that Mr. Seery was suspended for five days in September. The remaining allegations are denied.

71. Denied.

72. Admitted that Plaintiff filed a grievance through the local union on June 28, 2005. Answering Defendants are without sufficient knowledge or information as to admit or deny. To the extent a response is required it is denied.

73. Objection, the document speaks for itself, therefore no response is required.

74. Admitted that Plaintiff was terminated on or about August 18, 2005 and it was applied retroactively to July 28, 2005. Denied as to the remaining allegations.

75. This allegation states a legal conclusion as to which no response is required. To the extent a response is required it is denied.

## COUNT I.

## FIRST AMENDMENT - POLITICAL ASSOCIATION

76. Answering Defendants reassert their responses in Paragraphs 1 through 75 as set forth above.

77. Answering Defendants are without knowledge or information as to any act or political association which Plaintiff did in support of Gordon and Freebery. To the extent that any actions of Plaintiff are considered political association protected by the First Amendment is a conclusion of law and therefore no response is required.

78. Denied.

79. Objected to as overly broad, vague and unclear as to the term "position of power over Plaintiff," therefore, answering Defendants are unable to formulate a response. To the extent a response is required it is denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. States a legal conclusion to which no response is required.  To the extent a response is required it is denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Objection, states a legal conclusion to which no response is required.  To the extent a response is required it is denied.

90. Objection, states a legal conclusion to which no response is required.

## COUNT II.

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

91. Answering Defendants repeat and reallege responses 1 through 90 set forth above.

92. Objection, states a legal conclusion to which no response is required.  To the extent a response is required it is denied.

93. Objection, states a legal conclusion to which no response is required.

94. Objection, states a legal conclusion to which no response is required.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

## COUNT III.

## INVASION OF PRIVACY

102. Answering Defendants repeats and realleges their responses to paragraphs 1 through 101 as set forth above.

103. Denied.

104. Answering Defendants are without sufficient knowledge and information as to form a response. To the extent a response is required it is denied.

105. Denied.

106. Objection, states a legal conclusion to which no response is required. To the extent a response is required it is denied.

107. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by his failure to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Due Process claims must be dismissed since Plaintiff received proper notice and opportunity prior to any deprivation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff waived any and all rights to file any claims regarding his suspension, discipline and termination when he entered into the memorandum of understanding.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are entitled to absolute/ qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's tort claims are barred pursuant to 10 Del. C. § 4011

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or part, because at all times Defendants acted in good faith and fair dealing with Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert any invasion of privacy claim.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against New Castle County because it has no respondeat superior liability with respect to any of the alleged retaliatory and or wrongful acts alleged.

### ELEVENTH AFFIRMATIVE DEFENSE

New Castle County, Mr. Coons, in his official capacity, Mr. Przywara in his official capacity, are immune from liability for punitive damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff waived any property right or procedural due process when he entered into the memorandum of understanding with New Castle County.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against New Castle County and Mr. Coons, in his official capacity, and Mr. Przywara, in his official capacity, because there is no policy or custom of any wrongful or illegal act.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his Administrative Remedies

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed are barred by collateral estoppel

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against Mr. Coons and Mr. Przywara in their individual capacity by Qualified Immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against Defendants under the doctrine of claim and issue preclusion and *Res Judicata*.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Process is insufficient

### NINETEENTH AFFIRMATIVE DEFENSE

Service of process is insufficient

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff breached the Memorandum of Understanding

## TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff breached the covenant of good faith and fair dealing

## TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel, waiver, laches and/or unclean hands.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because defendants had in effect at all relevant times, a procedure for employees to address claims of retaliatory treatment and, plaintiff unreasonably failed to take advantage of these preventive and corrective opportunities or to avoid harm otherwise.

## TWENTY FORTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because at all times defendants made a good faith effort to comply with applicable law and acted lawfully and with legitimate and nonretaliatory business reasons regarding Plaintiff's termination.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part to the extent that they are preempted by applicable federal or state law.

Defendants preserve herein any and all other affirmative defenses that may become apparent during discovery or otherwise during the course of this case.

**WHEREFORE**, Defendants respectfully request that this Court dismiss the Complaint with prejudice, enter judgment in Defendants' favor and award Defendants their costs and attorneys' fees, and such other relief as this Court may deem proper and appropriate.

                        **RICHARD R. WIER, JR., P.A.**

                        /s/ Michele D. Allen
                        Richard R. Wier, Jr. (#716)
                        Michele D. Allen (#4359)
                        Two Mill Road, Suite 200
                        Wilmington, DE 19806
                        (302)888-3222
                        Rwier@wierlaw.com
                        *Attorneys for Defendants*